IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA BURRUS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 3-13CV3217-L |
| DIVERSIFIED CONSULTANTS, INC. | § | JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA")

### PARTIES

2. Plaintiff, Saundra Burrus, is a natural person who resides in Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA and 15 U.S. C. §1692a(3). Plaintiff is a resident and citizen of the State of Texas.

3. Defendant, Diversified Consultants, Inc. is a corporation organized under the laws of the State of Florida, registered to conduct business in Texas and may be served with process by serving its registered agent for service of process: InCorp Services, 815 Brazos Street, Suite 500, Austin, Texas 78701.

### FACTUAL ALLEGATIONS

4. In June, 2014, Plaintiff began receiving phone calls from Defendant representatives attempting to collect a debt they claim was due Sprint.

5. On more than one phone call, the Defendant representative refused to state who she was and why she was calling.

6. When Plaintiff was finally told the purpose and subject of the call, Plaintiff explained that the debt had been previously settled. Defendant refused to verify or validate the debt.

7. On or about mid-June 2013, Plaintiff sent a letter to Defendant, via certified mail,

return receipt requested.

8. No response being received from the letter, Plaintiff emailed their vice-president of compliance, Mavis Pye.

9. Plaintiff continued to call Defendant in an attempt to reach someone with authority to resolve the dispute.

10. Plaintiff was finally able to reach a supervisor by telephone, who listened to the tape of the conversation, agreed that the proper disclosures had not been made, apologized and stated she would speak to the collector involved.

11. Plaintiff took no further action regarding the matter until she learned the false debt was being reported by the Defendant on her credit report.

12. Plaintiff sent a second letter to the Defendant, directed to Mavis Pye.

13. Defendant's response was that she would remove it from Plaintiff's credit report.

14. Plaintiff disputed the inaccurate debt with each of the three credit reporting agencies. Upon information and belief, Defendant verified the debt.

15. As of the filing of this Complaint, the debt remains on Plaintiff's credit report. Plaintiff's employment is dependent upon maintaining a clear credit record.

16. Further calls and emails have not resulted in the correction of Defendant's violations.

17. Despite the written dispute, the inaccurate debt continues to be reported on Plaintiff's credit report.

18. Defendant refused to delete the account from Plaintiff's credit report.

19. The debt was not reported to the credit reporting agencies until after Mavis Pye acknowledged that the debt was paid prior to being placed for collection. Prior to that time, there was no report of this alleged debt on Plaintiff's credit report. Defendant placed it on the credit report with knowledge that it was a false report.

## CAUSES OF ACTION

### COUNT I

21. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

22. Diversified Consultants, Inc. (" hereafter "DCI") violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the DCI representation within Plaintiff's credit file with one or more credit reporting agencies, by failing to fully and properly investigate the Plaintiff's dispute of the DCI representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DCI representations to the consumer reporting agencies.

23. As a result of this conduct, action and inaction of DCI the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and the potential loss of employment.

24. DCI's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

25. The Plaintiff is entitled to recover costs and attorney fees from Credigy in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

### COUNT II

26. Defendant Credigy is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a(6).

27. The conduct described above constitutes clear violations of the Fair Debt Collection

Practices Act, 15 U.S.C.§1692 et seq and 1692e, by failing to set forth, in its written communications with Plaintiff, the statements and notices required 15 U.S.C.§1692g(a)(1)-(5).

28. Defendant DCI has violated 15 U.S. C.§1692g(a) by failing to, within 5 days of its initial communication with the debtor (phone call) send Plaintiff a written notice setting forth the requirements of 15 U.S.C.§1692g(1)-(5).

29. Defendant has violated 15 U.S.C.§1692e(2)(A) by falsely representing that Defendant owes the alleged debt..

30. Defendant has violated 15 U.S.C.§1692c(a)(3) by calling at a place of employment after being told calls were not allowed.

31. Defendant has violated 15 U.S.C. §1692d(6) by placing calls without disclosing his identity.

32. Defendant has violated 15 U.S.C. §1692e(8) by communicating known false information to a credit reporting agency and did not note the debt was disputed.

33. Defendant's actions outlined above were undertaken wilfully with the deliberate intention of inflicting injury upon Plaintiff and with knowledge of the probable results of its actions. In the alternative, Defendant's actions constituted reckless and heedless disregard of Plaintiff's rights, welfare, and personal well being and resulted from the conscious indifference of Defendant to Plaintiff's rights, welfare and safety.

## COUNT III

34. Plaintiff re-alleges and incorporates paragraphs 1 through 32 above.

35. The foregoing acts violate Tex. Fin. Code §392.202 by failing to correct their reporting to a credit bureau after knowing the report is inaccurate.

36. Defendant also violated §392.304(5) by failing to disclose a communication was from a debt collector

37. The foregoing acts and omissions were undertaken on behalf of the Defendant by its

respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

38. The foregoing acts and omissions of the Defendants were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

39. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration or the identity of rights of the Plaintiff.

40. By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Debt Collection Practices Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable attorney fees as provided by 15 U.S.C.§1681n & o, 15 U.S.C.§1692k(a) and/or Tex. Fin.Code Ann. §392.403.

2. Grant such further relief as deemed just.

3. Pre and post-judgment interest as allowed by law.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*/s/ Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3500 Oak Lawn Ave,. Suite 500
Dallas, Texas 75206
Telephone: 214/351-3260
Fax: 214/443-6055
Sharon@SharonKCampbell.com

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Saundra Burrus

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

RECEIVED
AUG 15 2013

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Diversified Consultants, Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-13CV3217-L

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C.1692k and 15 U.S.C. 1681
Brief description of cause:
Reporting a known false debt on credit report

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 8/15/13
SIGNATURE OF ATTORNEY OF RECORD *Sharon Campbell*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____