IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA BURRUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 3-13-cv-3217-L |
| DIVERSIFIED CONSULTANTS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER

Diversified Consultants, Inc. ("Defendant") responds to the Plaintiff's Complaint as follows:

1.  Defendant admits that jurisdiction is proper in this Court as alleged in paragraph 1 of Plaintiff's complaint. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof thereof.

2.  Defendant admits that Plaintiff is a natural person. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 2 of Plaintiff's complaint and accordingly denies same.

3.  Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.  Defendant admits that it had some contact with Plaintiff in June of 2013. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 4 of Plaintiff's Complaint and accordingly denies same.

5.  Defendant denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 6 of Plaintiff's Complaint and accordingly denies same.

7. Defendant admits that it received a certified mail from a person representing herself to be Plaintiff. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 7 of Plaintiff's Complaint and accordingly denies same.

8. Defendant admits that it received an email from a person representing herself to be Plaintiff. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 8 of Plaintiff's Complaint and accordingly denies same.

9. Defendant admits that Plaintiff telephoned Defendant. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 9 of Plaintiff's Complaint and accordingly denies same.

10. Defendant admits that a conversation with Plaintiff occurred. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 10 of Plaintiff's Complaint and accordingly denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 11 of Plaintiff's Complaint and accordingly denies same.

12. Defendant admits that it received a certified mail from a person representing herself to be Plaintiff. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the remaining allegations in Paragraph No. 12 of Plaintiff's Complaint and accordingly denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 13 of Plaintiff's Complaint and accordingly denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 14 of Plaintiff's Complaint and accordingly denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 15 of Plaintiff's Complaint and accordingly denies same.

16. The underlying facts upon which the allegations in paragraph 16 are premised are incorrect. As such, Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20. Plaintiff did not include a paragraph 20 in her Complaint. Therefore, no response is required.

21. Paragraph 21 is an incorporation paragraph. As such, Defendant fully incorporates herein, as if set forth verbatim, its prior answers, responses, admissions and denials.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Plaintiff in paragraph 25 of her Complaint makes reference to a "Credigy." To the extent that Plaintiff is seeking damages from Credigy, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 25 of Plaintiff's Complaint and accordingly denies same. Otherwise, and to the extent that Plaintiff seeks costs and attorney's fees from Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof of same and as such, Defendant denies the remaining allegations in paragraph 25 of Plaintiff's Complaint.

26. Plaintiff in paragraph 26 of her Complaint makes reference to a "Credigy." To the extent that Plaintiff claims Credigy is a debt collector, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph No. 26 of Plaintiff's Complaint and accordingly denies same. Otherwise, and to the extent that Plaintiff claims Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), Defendant admits that in general, it is a debt collector. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof of same and as such, Defendant denies the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Paragraph 34 is an incorporation paragraph. As such, Defendant fully incorporates herein, as if set forth verbatim, its prior answers, responses, admissions and denials.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. To the extent that Defendant's employees acted in accordance with their training and in compliance with Defendant's policies and procedures, Defendant admits the allegations in paragraph 37 of Plaintiff's Complaint. Otherwise, Defendant denies any liability or wrongful conduct to the extent alleged in said paragraph and demands strict proof of same. As such, Defendant denies the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. To the extent that any of Plaintiff's claims may survive a motion to dismiss or motion for summary judgment, Defendant admits that Plaintiff may be entitled to a jury trial as requested in paragraph 40 of Plaintiff's Complaint.

42. Defendant denies that Plaintiff is entitled to any relief requested in his prayer.

43. Any allegation of Plaintiff's Complaint not specifically admitted herein is denied.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

44. Defendant has, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

### SECOND AFFIRMATIVE DEFENSE

45. Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. § 1692k(c).

### THIRD AFFIRMATIVE DEFENSE

46. Plaintiff's claims for actual damages, if any, are, or may be, barred because upon information and belief, Plaintiff failed to properly to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

47. Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

### FIFTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are, or may be, barred because upon information and belief, the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties. In the alternative, Plaintiff's claims are, or may be, barred because upon information and

belief, the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff did not sustain any actual damages as a proximate result of any wrongdoing by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

50.     Defendant affirmatively pleads that to the extent a jury or this Court may find any violation of the Fair Debt Collection Practices Act, the Texas Finance Code or the Fair Credit Reporting Act, such alleged violations being expressly denied by Defendant, any such alleged violations were not material and as such, Plaintiff cannot recover under the Act.

### Prayer

Wherefore, the premises considered, Defendant prays that Plaintiff take nothing by her causes of action. Defendant prays for such other and further relief, at law or in equity, to which Defendant may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn
Steven R. Dunn
Tx Bar No. 06252250
**Dunn Firm, P.C.**
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
(214) 692.5533 (telephone)
(214) 692.5534 (telecopier)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 3, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Sharon Campbell
3500 Oak Lawn Avenue
Suite 500
Dallas, Texas 75206

                                                     /s/Steven R. Dunn
                                                     Steven R. Dunn